NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 9, 2010[*]
Decided August 17, 2010

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1610

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CR-207 |
| TOYA M. OLDS, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Toya Olds was part of a ring that, starting in the mid-1990s, sold millions of dollars worth of cocaine in Milwaukee, Wisconsin. She pleaded guilty to conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced as a career offender to 188 months' imprisonment. We vacated that sentence, however, because Olds's criminal history did not qualify her for the career-offender designation. *See United States v. Olds,* 348

---

[*]This appeal is successive to case no. 08-3746 and is being decided under Operating Procedure 6(b) by the same panel. After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

F. App'x 173, 174 (7th Cir. 2009). At her resentencing, Olds renewed her argument that her limited role in the conspiracy warranted a minor-role reduction. *See* U.S.S.G. § 3B1.2(b). The district court disagreed and sentenced her to 84 months' imprisonment.

Olds admits selling only 500 grams of cocaine in late 2005 and thus contends that she played a minor role in the conspiracy. Almost every other participant distributed substantially more cocaine, she contends; the probation officer estimated that her codefendants distributed between 5 and 150 kilograms each. Yet the probation officer did not agree that Olds's sales were limited to just two in 2005 as she asserted; the probation officer reported, and the district court found, that Olds had been distributing cocaine as part of the conspiracy for seven years, interrupted only when she was incarcerated. According to a conservative estimate, over time she too had distributed up to 2 kilograms of cocaine.

Because the district court's denial of a minor-role reduction rests on a finding of fact, our review is for clear error. *United States v. Panaigua-Verdugo*, 537 F.3d 722, 724 (7th Cir. 2008). A sentencing court is entitled to rely on facts in the presentence report unless the defendant establishes that the report is inaccurate or unreliable. *See United States v. Moreno-Padilla*, 602 F.3d 802, 808-09 (7th Cir. 2010), *petition for cert. filed* (June 25, 2010) (No. 10-5128); *United States v. Salinas*, 365 F.3d 582, 587-88 (7th Cir. 2004); U.S.S.G. § 6A1.3. A bare denial of its truth is not sufficient to challenge the accuracy of a presentence report. *United States v. Turner*, 604 F.3d 381, 385 (7th Cir. 2010).

Olds, through counsel, disavowed the probation officer's tally of her drug sales, but she offered no evidence to contradict the probation officer's calculation. The district court was entitled to adopt that calculation, and did so. The quantity calculation is not clearly erroneous.

AFFIRMED.